MARTHA SIVLEY v. MARY DE PRIEST SIVLEY.

[51 South. 457.]

1. HUSBAND AND WIFE. *Alienating affection. Evidence.*

In an action against the mother of plaintiff's husband for alienating his affections, where the declaration alleged that defendant took plaintiff's husband on a trip for the purpose of alienating his affections, and defendant testified that the trip was taken solely for the purpose of effecting a reconciliation with the father of plaintiff's husband, after the latter's marriage, and to arrange, if possible, for him to support his wife, evidence was admissible that the father became reconciled and offered to give his son employment, on salary, which the son refused.

2. TRIAL. *Remark of judge, commenting on weight of evidence.*

The trial court's comment, when admitting evidence, that it did not amount to anything and had nothing to do with the issues, was reversible error; the evidence being admissible on the principal issue in the case.

3. EXCESSIVE DAMAGES. *Alienation of affection.*

    Where, in an action for alienating the affections of plaintiff's hus-
band, the evidence showed that defendant's property was worth
twenty-eight thousand dollars, a verdict for plaintiff for thirty
thousand dollars was so excessive as to show that the jury were
controlled by passion and prejudice, requiring the verdict to be
set aside on appeal, although defendant testified that she would
not accept the value shown for the property.

FROM the circuit court of Newton county.

HON. JAMES R. BYRD, Judge.

Mary De Priest Sivley, appellee, was plaintiff in the court
below; Martha Sivley, appellant, was defendant there. From a
judgment in plaintiff's favor defendant appealed to the supreme
court. The facts are stated in the opinion of the court. Some-
thing of the history of the case, however, can be learned from
the statement of facts contained in the report of a decision ren-
dered on a motion in the case. See *Sivley v. Sivley* (Motion)
*ante,* p. 134.

*Tim E. Cooper,* for appellant.

Counsel cited the following authorities: *Kenley v. Kenley,*
2 How. (Miss.) 751; 4 Wigmore on Evidence, §§ 2334, 2335,
2340, 2341; 1 Greenleaf on Evidence (15th ed.) §§ 254, 334,
337; 2 Taylor on Evidence, §§ 810, 908; *Jacobs v. Hesler,* 113
Mass. 157; *Commonwealth v. Sapp,* 29 Am. St. Rep. 405; *Mer-
cer v. State,* 24 South. 154; *Bacon v. Charlton,* 7 Cush. (Mass.)
581; *Morrissy v. Ingaham,* 111 Mass. 63; *Railroad Co. v. Sut-
ton,* 42 Ill. 122; *State v. Davidson,* 30 Vt. 383; *Merkle v. Ben-
nington,* 50 Mich. 160; *Westlake v. Westlake,* 34 Ohio St. 621;
*Winsmore v. Greene's Bank,* Nilles, 557; *White v. Ross,* 47
Mich. 172; *Perry v. Lovejoy,* 49 Mich. 529; *Agell v. Francis,*
66 Mich. 303; Code 1906, § 793; *Hudson v. Hudson,* 90 La.
581; *Deshler v. Beers,* 32 Ill. 368, 83 Am. Dec. 274; *Brinker
v. Cummins,* 133 Ind. 443; *State v. Stowell,* 60 Iowa, 535;
*Cross v. Manfg Co.,* 121 Pa. St. 387; *Slate v. Philpot,* 97 Iowa,

365; *Railroad Co. v. Ayers,* 56 Kan. 176; *Railroad Co. v. Hewett,* 97 Mich. 61; *Williams v. State,* 32 Miss. 389; *Watkins v. State,* 60 Miss. 323; *Kearney v. State,* 68 Miss. 233; *Kimbrough v. Ragsdale,* 69 Miss. 67; *Burt v. State,* 72 Miss. 408; *Thompson v. State,* 73 Miss. 584; *Williams v. State,* 73 Miss. 820; *Johnson v. State,* 78 Miss. 627; *Gilbert v. State,* 78 Miss. 300; *Brister v. Railroad Co.,* 84 Miss. 33; *Fuller v. State,* 85 Miss. 199; *State v. Whit,* 77 Am. Dec. 538 and notes; *Sharp v. State,* 14 Am. St. Rep. 27 and notes; *Hildebrum v. Curran,* 65 Pa. St. 63; 1 Thompson on Trials, § 492; 29 Am. & Eng. Ency. of Law (2d ed.) 794; *Thomas v. De Graffenreid,* 17 Ala. 607; 1 Wigmore on Evidence, § 664; *Nelson v. Iverson,* 24 Ala. 17; *Blakey's Heirs v. Blakey's Executor,* 33 Ala. 614; *Burton v. State,* 115 Ala. 1; *Gray v. State,* 42 Fla. 174; 1 Greenleaf on Evidence (16th ed.) § 333, c. 334; 1 Wharton on Evidence, §§ 422, 428; *Pedley v. Wellesley,* 3 C. & P. 558; *Barbatt v. Allex,* 7 Ex'r 109; *Dunlap v. Hearn,* 37 Miss. 471; *Byrd v. State,* 57 Miss. 244; *Leach v. Shelby,* 58 Miss. 681; *Solomon v. Compress Co.,* 69 Miss. 319; *Anding v. Levy,* 57 Miss. 51.

*May & Sanders,* and *Flowers, Fletcher & Whitfield,* for appellee.

Counsel cited the following authorities:—3 Wigmore on Evidence, § 1730; *Puth v. Zimbleman,* 99 Iowa, 641, 68 N. W. 895; *Palmer v. Crook,* 7 Gray, 418; *Edgell v. Francis,* 66 Mich. 303, 33 N. W. 501; *Rudd v. Rounds,* 64 Vt. 432, 25 Atl. 438; *Horner v. Yantz,* 93 Wis. 352, 57 N. W. 720; *Williams v. Williams,* 20 Colo. 51, 37 Pac. 614; *Perry v. Lovejoy,* 49 Mich. 529; *Cluss v. Bennett* (5 Pickle), 89 Tenn. 478; *Nichols v. Nichols,* 147 Mo. 387, 48 S. W. 947; *Nevins v. Nevins,* 68 Kan. 410, 75 Pac. 492; *Sexton v. Sexton,* 129 Iowa, 487; *Hardwick v. Hardwick,* 130 Iowa, 230, 106 N. W. 639; *Cochran v. Cochran,* 111 N. Y. Supp. 588; *Ash v. Premier,* 105 Fed. 722, 44 C. C. A. 675; *Baker v. Baker,* 16 Abbott's

New Cases (N. Y.) 301; *Lockwood v. Lockwood,* 67 Minn. 490; *Mississipp, etc., R. Co. v. Turnage,* 95 Miss. 854, 49 South. 840; *Gray v. Stale,* 90 Miss. 235; *Thompson v. Ish* (Mo.), 17 Am. St. Rep. 552, 562; *Veshler v. Beers* (Ill.), 83 Am. Dec. 274, 276; *People v. Baker* (Colo.), 38 Am. St. Rep. 276; *Burns v. Kirkpatrick* (Mich.), 30 Am. St. Rep. 485; *Fire Insurance Co. v. Pulver* (Ill.), 9 Am. St. Rep. 598, 606; *Tysen v. Fritz,* 60 N. Y. Supp. 923; *Alsing, etc., Co. v. New England, etc., Co.,* 73 N. Y. Supp. 347; *Sylvester v. Town of Casey* (Iowa), 81 N. W. 456; 15 Am. & Eng. Ency. of Law (2d ed.) 866; 8 Ib. 630.

Argued orally by *Tim E. Cooper,* for appellant, and by *J. N. Flowers* and *George W. May,* for appellee.

WILLIAMSON,* Special Judge, delivered the opinion of the court.

After a careful and painstaking study of the record of this cause, the same having been taken by the court for the purpose of examining the record with reference to any errors that might have occurred on the trial in the lower court, and keeping in view the fact that the appellee has filed a confession of error, the court is forced to the conclusion that there is error in the record; only one or two of the many assignments of error being necessary to consider in order to show why the court must reverse the judgment and remand this cause.

The suit was brought by the plaintiff in the lower court for the purpose of obtaining damages against the mother of her husband, and it is charged in the declaration that the defendant in the lower court had alienated her husband's affections and persuaded him to desert her, alleging that she and W. Baker Sivley, Jr., were married, and returned to Newton, their for-

---

* WHITFIELD, C. J., being related to a party in interest, recused himself and C. M. WILLIAMSON, ESQ., a member of the supreme court bar was appointed a special judge and presided in his place.

mer home, after taking a trip to Mobile, and that the defendant, Mrs. Martha Sivley, came to Newton and was there waiting for them on their return, and began at once to alienate and destroy her son's affection for the plaintiff; and the declaration, among other things, distinctly charges that defendant persuaded plaintiff's husband to take a trip with her to Louisiana, and afterward to take trips to Jackson, and at another time to take a trip to North Carolina, charging that all of these trips were taken by the defendant, Mrs. Sivley, the mother of her husband, for the purpose of alienating his affections from her, the plaintiff, and to induce him to leave his wife. This is the gravamen of the declaration, and much proof was taken on all these facts that are charged in the declaration, and there is much conflict in the evidence. But plaintiff having charged in the declaration that the trip to Louisiana was taken for the purpose of persuading her husband to leave plaintiff, the defendant, Mrs. Martha Sivley, testified that it was not taken for the purpose of persuading her son to leave his wife, but that it was to reconcile his father to the marriage, and, if possible, make some arrangement by which W. Baker Sivley, Jr., could support his wife; and it was shown that the father did become reconciled, and that he offered to build a house on the plantation near a little village, and allow his son a salary on which he and his wife could live, if the son would go over and assist in the management of the plantation. There is nothing to dispute the fact that this proposition was made to W. Baker Sivley, Jr., and that he took it under consideration, and that the next morning he declined it. When Mr. Eldridge was on the stand, testifying as to these facts (Mr. Eldridge being a disinterested witness), there was an objection made to the admission of his testimony by attorneys for the plaintiff, and the court, in ruling on this objection and admitting the testimony for the consideration of the jury, made this comment: "Let it in. It has nothing to do with the case. It did not amount to anything, and did

not have anything to do with the issue in this cause." If the evidence was competent, it ought to have been admitted by the court without comment as to its weight, or what weight it should have with the jury. We think this was reversible error, in view of the fact that the testimony was admitted, and was competent on the very main issue in the case.

We think, further, that this judgment would have to be reversed because excessive, and the amount shows that the jury was controlled by passion and prejudice. The testimony in the cause shows that Mrs. Martha Sivley's property was worth about $28,000, and it was stated by her on the stand that she would not take that for her property. The jury very promptly brought in a verdict for $30,000, thereby evincing the purpose to add to whatever actual damages they might have allowed the plaintiff a fine that would sweep away defendant's whole fortune and leave her penniless so far as her individual property was concerned. We do not feel that we could permit a verdict of that amount to stand in this cause, and for that reason the court would reverse the judgment, if for no other error in the record.

After reaching this conclusion, it is useless to discuss the other assignments of error, although the court has carefully looked into all of them, and carefully studied all the evidence in the case, and read all of the authorities cited in the briefs.

For the above reasons, the judgment is reversed and the cause remanded.                                         *Reversed.*

SMITH, J., delivered the following specially concurring opinion:

I concur in the result reached by my Brethren, but prefer to rest my opinion upon the errors committed by the lower court, complained of in the fourth, fifth, and sixth assignments of error. These assignments are:

"Fourth. The court erred in permitting the plaintiff to tes-

tify as to declarations made by W. Baker Sivley, Jr., her husband, after his return from trips to Jackson.

"Fifth. The court erred in permitting the plaintiff, as a witness for herself, to testify over defendant's objection that at the time W. Baker Sivley, Jr., the husband of the plaintiff, made the statements testified to by the witness upon his return after his trips to Louisiana and Jackson, and that both she and her husband understood that the defendant was trying to separate them.

"Sixth. The court erred in permitting the plaintiff as a witness in her own behalf to testify that her husband was mentally disturbed all the time they lived at Newton, and that the plaintiff understood the cause of such mental disturbance, and that said cause was that the defendant was trying to get her husband to leave her."

Waiving the question of privilege, and also the competency of the evidence tending to show that, after the return of appellee's husband from Louisiana and from his trips to Jackson, he appeared to be mentally disturbed, as to which I express no opinion, the declarations made by him to appellee relative to the cause of this mental disturbance, and connecting appellant therewith are pure hearsay, and therefore incompetent. These declarations constituted the most damaging testimony introduced, which tended to prove that the act of appellee's husband in leaving her was caused by appellant. As this opinion is merely a concurring one, the setting out of my reasons in full would be of no special value. In addition to the authorities cited by counsel, which I presume will be set out by the reporter, I refer to *Humphrey v. Pope,* 1 Cal. App. 374, 82 Pac. 223; *Huling v. Huling,* 32 Ill. App. 519, 521; *Higham v. Vanosdol,* 101 Ind. 160, 164; *Preston v. Bowers,* 13 Ohio St. 1, 11, 82 Am. Dec. 430; *Westlake v. Westlake,* 34 Ohio St. 621, 634, 32 Am. Rep. 397; *Railroad Co. v. Turnage,* 49 South. 840. The fact that appellee understood, from statements made

to her by her husband, that appellant was trying to separate them, is, of course, incompetent on any ground. The circuit judge seems to have had the correct rule in mind in passing on objections to this testimony, and tried to conform thereto, but unfortunately he did not succeed in doing so. It is but fair to counsel for appellee to say that there are authorities which seem to sustain a contrary view.

I also think that the thirteenth assignment of error is well taken. This assignment is as follows:

"Thirteenth. The court erred in permitting the plaintiff, when called in rebuttal, to testify, over the objection of the defendant, that on the day she and W. Baker Sivley, Jr., her husband, got back to Newton, it being the same day she saw defendant and on the evening of that day, that Howard Johnson came to plaintiff's room, rushing into the room, crying, 'Mamie, for God's sake do what Mrs. Sivley wants you to do; if you don't, Baker is going to do something desperate.' "

As to the other assignments of error, I express no opinion.