KILGORE *v.* CRIDDLE

No. 42235 April 16, 1962 139 So. 2d 870

*Carter & Van Every,* Columbus, for appellant.

*Stone & Schweizer,* Columbus, for appellee.

ARRINGTON, J.

Doris Kilgore, plaintiff below and appellant here, filed this suit in the Circuit Court of Lowndes County against George L. Criddle to recover damages to her automobile in the amount of $774.36. She alleged that on September 11, 1950, her brother, Russell Kilgore, was operating her 1959 Chevrolet automobile with her consent and permission in the City of Columbus; that the defendant and appellee, at the same time and place, was operating his 1957 Ford automobile; that the defendant, as the result of his negligent operation of his automobile as charged in the declaration, collided with plaintiff's automobile and proximately caused the damage as stated above.

In his answer, the defendant-appellee denied all the material allegations of the declaration. He also filed a counterclaim in which he charged that the cross-defendant's automobile "was being driven by her brother, Russell Kilgore, by and with her consent as her agent and for and on her behalf," and his negligence was her negligence; that said operator of her automobile was guilty of negligence as set out in the counterclaim which

proximately caused damage to his automobile in the sum of $758.08, for which he demanded judgment.

In answer to the counterclaim, the plaintiff admitted that Russell Kilgore was operating her automobile with her consent "but not as her agent and for and on her behalf," and denied that his negligence, if any, would be attributable to her. She further denied all the material allegations of the counterclaim.

John Gainey, who was riding in the car with Russell Kilgore, testified that as they went up the railroad embankment the lights from the approaching car were in their eyes; that they were traveling on the right side of the road going east; that the cars ran together on that side; that they were traveling between 15 and 20 miles per hour; and that Kilgore was not drinking because he had been in the barracks at the air base.

The City Patrolman testified that the collision was on the right side of the railroad track; that tire tracks, chrome and debris were on the south side of the road in Kilgore's lane of traffic; that he smelled alcohol on Criddle's breath and took him home; and that the street or road was approximately 20 feet wide at the point where the collision occurred.

There was a stipulation that Doris Kilgore was the owner of the car involved in the collision and that the damage to Criddle's car was $458.08.

The defendant, George Criddle, testified that he was traveling west between 15 and 20 miles per hour as he was going over the railroad crossing, which was about 13 feet high; that he was on his extreme right and that his left bumper and fender hit the left bumper and fender of the other car; that after the collision Kilgore backed his car about a car length, pulling his car over near the center line of the road.

The appellant assigns and argues a number of errors. It is first contended that the court erred in refusing to direct a verdict for the appellant. The evi-

dence was conflicting and presented a question for the determination of the jury, hence there is no merit in this assignment.

 █ It is argued that the court erred in granting certain instructions to the defendant and appellee. Russell Kilgore was not made a defendant; he was not present, and did not testify. Instructions Nos. 1 and 2 given the defendant-appellee authorized the jury to find for the defendant if the driver of plaintiff's car was guilty of negligence which was the sole proximate cause of the accident. We are of the opinion that the defendant was entitled to these instructions. There was no showing that Kilgore, the driver of the automobile, was the agent of the plaintiff, Doris Kilgore, the owner of the car.

 █ The court gave instruction No. 3, which is as follows: ''The court instructs the jury for the defendant and cross-plaintiff that even if you find from a preponderance of the evidence that the plaintiff and cross-defendant have a valid claim, yet if you find from a preponderance of the evidence that the defendant and cross-plaintiff, George L. Criddle, has a valid claim, that exceeds any valid claim of the plaintiff and cross-defendant, then your verdict shall be that the defendant and cross-defendant shall have judgment against the plaintiff and cross-defendant for the amount by which is claimed, if any, exceeds the said claim of the plaintiff and cross-defendant.''

Instruction No. 4 was to the same effect, and No. 5 was on the form of the verdict that the jury could find for the defendant Criddle and assess damages. Instruction No. 3, set out above, and Nos. 4 and 5 should not have been given.

The verdict of the jury was that the plaintiff and defendant were equally negligent and no damages were awarded to either party. There was no evidence that Russell Kilgore was an incompetent, reckless or careless

driver, or that Doris Kilgore should have known such. 5 Am. Jur., Automobiles, Sec. 355.

In 5 Am. Jur., Automobiles, Section, 353, it is said in part: "At common law, liability for the negligent use of an automobile by one other than the owner cannot be predicated against the owner merely because of such ownership. The owner of a car, in the absence of a statute changing the common-law rule, is not liable for the negligence of one who stands in the relation of independent contractor in the operation of the car. . . ."

Likewise, in 60 C.J.S., Motor Vehicles, Section 425, page 1041, it is said: "In order to impose liability on a person for an injury occasioned through the operation of a motor vehicle, he must, except where liability is otherwise imposed by statute, either be in the actual operation thereof, or in the control thereof, or stand in the relation of master or principal to the person whose act occasions the injury." See also 60 C.J.S., Motor Vehicles, Section 428.

The evidence was susceptible of three propositions: (1) The negligence of the defendant was the sole proximate cause; (2) the negligence of the plaintiff was the sole proximate cause; and (3) the negligence of both concurred as the proximate cause. The jury could have found a verdict for the plaintiff for full damages, or a verdict for the defendant, or a verdict for plaintiff and reduced her damages in such sum as they might have attributed to the negligence of the driver. Under the evidence, there was no basis whatever for the jury to award damages to the defendant against the owner of the automobile. The giving of defense instructions Nos. 3, 4 and 5 was error. There was no basis for them, and no such issue should have been submitted to the jury. In our opinion, they were in such conflict with

the real issue in the case as to constitute reversible error.

Reversed and remanded.

*Lee, P.J.,* and *Ethridge, McElroy* and *Rodgers, JJ.,* concur.