204 So.2d 155 (1967)
SHELL OIL COMPANY, a corp. and Sidney M. Steverson
v.
Jimmy POU.
No. 44582.
Supreme Court of Mississippi.
October 30, 1967.
*156 Wilbourn, Williams & Glover, Meridian, for appellants.
Laurel G. Weir, Philadelphia, for appellee.
SMITH, Justice:
This is an appeal by Shell Oil Company and Sidney M. Steverson from a judgment for $15,000 recovered against them by Jimmy Pou in the Circuit Court of Lauderdale County as actual and punitive damages for personal injuries alleged to have been *157 sustained by him in a motor vehicle collision.
Among other grounds assigned for reversal, appellants challenge the sufficiency of the evidence to support the verdict. Pou was a passenger in a Volkswagen which was involved in a collision with a tractor-trailer belonging to Shell and being operated by its employee, Steverson. We have concluded, however, from a careful review of the record, that, although a close question is presented by this assignment, there was sufficient evidence to warrant a finding by the jury, as the trier of the disputed facts, that negligence on the part of appellants was a proximate contributing cause of the collision, and that Pou sustained an injury as a result.
There is merit, however, in several of the other grounds assigned, and these will require a reversal of the case and a retrial both as to liability and damages.
The trial court refused the request of Shell and Steverson that the jury be peremptorily instructed that it might not award punitive damages against them. Moreover, the court granted an instruction at the request of Pou that such damages might be included in the verdict. This was error. As stated, this case was a close one on the issue of liability. Moreover, the testimony of Pou's doctor clearly indicated that Pou's injuries were slight and not of a permanent nature and required no treatment beyond a period of "observation." The prejudicial effect of the trial court's actions was compounded when Pou's counsel, in his closing argument to the jury, was permitted over objection, to state, after reading the instruction of the court authorizing the award of punitive damages, that the defendant was a corporation, had no soul, could neither go to heaven nor hell and that "the way that the law punishes a corporation for not paying their debts in a case like this, if you find that they owe actual damage, is to require them to pay a punitive damage."
There was no evidence capable of supporting a finding that appellants had been guilty of negligence so gross or reckless, or of such wanton conduct, as in the eyes of the law, amounted to wilful wrong, and it was error to permit the award of punitive damage. Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962).
Also, the argument of counsel on this subject was of the same character as that condemned by this Court in Brush v. Laurendine, 168 Miss. 7, 150 So. 818 (1933).
The end result of these errors is reflected in the size of the verdict returned by the jury, for injuries that can only be characterized as slight, especially when viewed in the light of the testimony of Pou's own doctor.
The only legitimate purpose of the argument of counsel in a jury case is to assist the jurors in evaluating the evidence and in understanding the law and in applying it to the facts. Appeals to passion and prejudice are always improper and should never be allowed.
The speed of the respective vehicles was a relevant and material issue. The witness by whom Pou sought to establish the speed of the tractor-trailer was a woman who said she was standing by a car some 400 or 500 feet east of the intersection. This witness readily, and with great exactitude, gave her estimate of the speed of the tractor-trailer in miles per hour, although admittedly there had been nothing in particular that had attracted her attention to it before the collision, and she was only in a position to observe it for a few seconds. The witness also claimed to have been observing the Volkswagen as it entered the highway from a side road. But on cross-examination, when counsel sought to elicit from her an estimate of its speed, she evaded his questions. Finally, after several efforts *158 to obtain an answer, she said that the Volkswagen was traveling "pert." An attempt by counsel to have her clarify this statement and to give her estimate of the speed of the Volkswagen, was interrupted by the trial court, who refused to allow him to continue his examination upon this question. Whereupon the following transpired:
BY THE COURT: Sustained. She said `pert' three times.
ANSWER: That's right.
BY THE COURT: She meant pert. If I remember my dictionary, `pert' really means active, it means vital, it means a move away, a sort of a pert get off as get off can, and it isn't slow and it isn't fast. (Emphasis added)
The trial court erred in restricting counsel in his effort to develop the speed of the Volkswagen from this important witness for Pou. Moreover, it was error for the court to state what it thought the witness meant by the use of the word "pert" and to say that it meant that the speed of the Volkswagen was neither slow nor fast. This amounted to an improper comment upon the evidence.
Young v. Anderson, 249 Miss. 539, 163 So.2d 253 (1964); Sivley v. Sivley, 96 Miss. 137, 51 So. 457 (1910)
Pou placed his physician on the stand to establish the nature and extent of his injuries. In testifying, the doctor used his notes and records for the purpose of refreshing his recollection. Counsel for appellant requested permission to examine these notes and records, from which the witness was testifying, and this request was denied by the trial court. This was error. Mississippi State Highway Comm'n v. Howard, 253 Miss. 556, 176 So.2d 294 (1965).
See also 58 Am.Jur Witnesses § 606 (1948) and Annot., 82 A.L.R.2d 557 (1962).
The cumulative effect of these errors denied the appellants a fair trial and requires that the case be reversed and remanded for a new trial before another jury. Other errors assigned either are without merit or are such as will not likely recur upon a retrial of the case.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.