PATTERSON, Chief Justice,
for the Court:
In this paternity case the appellees, Shaun and Shnita Washington, minors, brought an action through their mother, Brinda Washington Johnny, in the County Court of Jackson County pursuant to Section 93-9-15, Mississippi Code Annotated (1972). They sought to have Albert “Pete” Davis declared their natural father. A judgment was entered in accordance with a jury verdict finding the appellant to be the father of the twin children.
The first of two assignments of error is that a reference to an alleged finding of paternity by the Youth Court of Jackson County was highly prejudicial to the defendant’s case. In 1974, about one year after the twins were born, Ms. Johnny brought a neglect proceeding against Mr. Davis in the Youth Court of Jackson County. The order issued by the Youth Court Judge states in pertinent part, “The father of said minors, Albert ‘Pete’ Davis should be ordered and directed to pay the sum of $15.00 per week to the Jackson County Welfare Department ... for the support and maintenance of his minor children...”
At trial, Ms. Johnny’s attorney, during re-direct examination, questioned her concerning the youth court order as follows:
Q. Would you look at this and tell me if this is the order that you are referring to?
Yes, it is.
Q. And does it state in there anyway that Albert “Pete” Davis is the father of these children?
A. Yes.
BY MR. BANAHAN: I would offer the order as an exhibit to Mrs. Johnny’s testimony.
BY MR. DORSEY: Any objections?
BY MR. DORSEY: Yes sir.
BY ,THE COURT: State your objection.
BY MR. DORSEY: I object on the grounds that is a purported order, that was not arrived at ... It states in there of the finding of fact ... Pete Davis is the father of said minors. If that is true, then we are going to give full faith and credit and should not be here now, because that is exactly what we are trying to determine now is the issue of paternity. This paternity was never held in Youth Court and it was (phonics) our defense to it. It never has been held there. Therefore, no purported order should be introduced here that would say he was the father when the proper procedure was not used.
The objection was sustained and the order was not admitted as an exhibit; however, this allegedly damaging testimony was before the jury without an instruction to disregard. Section 93-9-15, Mississippi Code Annotated (1972), places jurisdiction *714 of paternity suits in “[t]he county court, the family court, the circuit court, or the chancery court, ...” Under this statute the youth court has no jurisdiction to determine paternity. The appellant claims this reference to the Youth Court Order was prejudicial to his case because no reasonable jury would render a verdict directly contrary to the final order of another court. This would especially be true if the jury did not know the youth court had no jurisdiction to determine paternity. We agree with this contention.
In Green v. State, 97 Miss. 834, 53 So. 415 (1910), a case dealing with an improper comment by a trial judge, this Court observed:
It is a matter of common knowledge that jurors, as well as officers in attendance upon court, are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to this language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict,
97 Miss. at 838, 53 So. at 416.
In Young v. Anderson, 249 Miss. 539, 163 So.2d 253 (1964), the comment of a trial judge that the sun would be shining in a certain way at a specific place about 6:00 p.m. was held to be reversible error because it precluded the defendant froma fair opportunity to offer evidence to the contrary on a material point. See also, Travelers Indemnity Company v. Rawson, 222 So.2d 131 (Miss.1969).
The effect of Ms. Johnny's testimony concerning the Youth Court Order was to allow the Youth Court Judge to testify through his order that the appellant was the father of the twins. In our opinion, a jury is very likely to place great weight on the testimony of an officer of the court. Therefore, the admission of Ms. Johnny’s references to the Youth Court Order finding Davis to be the father of the twins was very prejudicial to him which requires reversal.
In his next assignment of error Davis contends it was error for the trial court to admit into evidence any references to blood tests performed on the parties. Prior to trial, Davis requested a paternity blood test pursuant to Section 93-9-21, Mississippi Code Annotated (1972). He signed a witnessed blood test consent form in which he agreed that the test results could be used in court to aid in determining paternity-
In Price v. Simpson, 205 So.2d 642 (Miss.1968), this Court held when blood tests are performed in a paternity case the results must be admitted in evidence. In the ease at bar, the blood tests results were admitted in evidence when the results were read to the jury because the trial judge would not allow the reports themselves to be introduced as an exhibit. However, Section 93-9-23, Mississippi Code Annotated (1972), requires the court to call as a witness the expert who conducted the blood tests. The trial court did not call such expert to testify to his findings as required by statute and, moreover the defendant was deprived of cross-examination. Therefore, the blood test result reports were not properly authenticated and constituted inadmissible hearsay under the facts of this case.
Although this Court is aware of the expense and trouble in calling expert witnesses in a paternity case, the statute requires it. We do not reach the interesting question of whether the parties to the suit might stipulate, with consent of the court, that the medical expert need not be called.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.