499 So.2d 773 (1986)
Reginald James HARKINS
v.
Debra Carol FLETCHER.
No. 56678.
Supreme Court of Mississippi.
December 10, 1986.
Robert N. Brooks, Carthage, for appellant.
A.R. Wright, Jr., Wright & Phillips, Carthage, for appellee.
Before ROY NOBLE LEE, and SULLIVAN and ANDERSON, JJ.
*774 ROY NOBLE LEE, Presiding Justice, for the Court:
Reginald James Harkins appeals from a judgment of the Chancery Court, Leake County, Mississippi, adjudicating him to be the father of Tonya Reshea Fletcher and ordering him to pay $200.00 per month child support to the mother, Debra Carol Fletcher. Appellant assigns three errors in the trial below.

I. THE LOWER COURT ERRED IN ADMITTING INTO EVIDENCE THE HOSPITAL RECORD OF BLOOD TEST RESULTS.
Appellee introduced in evidence, over appellant's objection, a blood test report of tests conducted on appellant, appellee, and the child, Tonya Fletcher. No expert testimony from the physician performing the tests was introduced to guide the report of the blood tests into evidence, as provided by Mississippi Code Annotated § 93-9-23 (1972), as amended:
The tests shall be made by experts qualified as examiners of blood types who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings and shall be subject to cross-examination by the parties. Any party or person at whose suggestion the tests have been ordered may demand that other experts, qualified as examiners of blood types, perform independent tests under order of court, the results of which may be offered in evidence. The number and qualifications of such experts shall be determined by the court.
Miss. Code Ann. § 93-9-23 (1972).
In Davis v. Washington, 453 So.2d 712 (Miss. 1984), the Court held that where blood test reports are admitted into evidence in the absence of the doctor expert who conducted the tests, this deprives the defendant of his right to cross-examination and is in direct contravention of § 93-9-23. Davis held that blood test reports in that case were not properly authenticated and constituted inadmissible hearsay under the facts.
The lower court was of the opinion that the blood tests were required to be admitted in evidence, but, since the testing doctor was not available to testify, the court sustained the objection of appellant to its use and consideration by the court. Finding itself in a dilemma, the lower court in its opinion emphasized that:
The court does not consider the results of the blood test that are on file in this cause in arriving at its opinion that the defendant is the father of the child Tonya Reshea Fletcher, born to the plaintiff on February 27, 1984; but, rather on the corroborated testimony of the plaintiff and on the uncorroborated testimony of the defendant.
We think that under the facts and circumstances of this case, Assignment I should be, and is, rejected.

II. THE LOWER COURT ERRED IN FINDING THAT APPELLANT WAS THE FATHER OF THE CHILD.
Appellee testified that she met appellant at a local nightclub in January, 1981, and from that time until April in 1982, practically every week night and weekend appellant would visit her in appellee's home, Goodhope, MS. Further, appellee stated that in April, 1982, she moved from Goodhope to North Pearl Street, Carthage, MS, and appellant moved in with her at that address where they lived as man and wife; that they lived there until April, 1983, at which time she, appellant and two of the children of appellee moved to Highland Street in Carthage, MS. On February 16, 1983, appellant's wife was granted a divorce from him on the ground of adultery. The complaint for divorce filed by appellant's wife alleged that appellant's address was North Pearl Street, Carthage, MS.
Appellee further testified that in the spring of 1983, appellant acquired use of a trailer located in rural Leake County, where they stayed from time to time and that appellant remained in her home on Highland Street until September, 1983, *775 when he returned to the home of his former wife. According to appellee, she became pregnant in May, 1983, by appellant and that during the year 1983, until appellant left in September, he was the only man with whom she had sex; and that appellant purchased Christmas gifts for the child, provided money to take her to a pediatrician and on numerous occasions admitted that the child was his daughter.
The testimony of appellee was corroborated by her brother, who lived in the home with her from time to time; and that appellant slept with appellee during the times the brother was present in 1983. He and another brother testified that they heard appellant admit the child was his daughter.
Appellee's next-door neighbor on Highland Street, Mrs. Clara Fortenberry, a widow, testified that she had lived at the address on Highland Street all her life; that in April, 1983, appellant and appellee moved into the house next door; that she saw appellant leave for work in the mornings and return around 7 p.m. practically every night; and that appellant lived there until September, 1983.
Appellant admitted he went with appellee and stated she had sex relations with other men. He denied he gave the child gifts and denied he gave appellee money to pay for the child's doctor visits and denied he was the father of the child.
This Court must affirm the chancellor on a question of fact unless he is found to be manifestly wrong on those facts. Dillon v. Dillon, 498 So.2d 328 (Miss. 1986); Spain v. Holland, 483 So.2d 318 (Miss. 1986); Carr v. Carr, 480 So.2d 1120 (Miss. 1986).
We are of the opinion that the judgment of the lower court as to the paternity of the child was supported by the evidence.

III. THE LOWER COURT ERRED IN ORDERING THE APPELLANT TO PAY CHILD SUPPORT WHICH WAS EXCESSIVE.
We have carefully examined the record with reference to the ability of the appellant to pay child support and the needs and requirements of the child. Again, we are unable to say that the chancellor was manifestly wrong in awarding $200.00 per month for the support of the child.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.