# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01180-SCT

*TERRY LANE CARTER*

*v.*

*WAL-MART STORES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/1998 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAUREL G. WEIR |
| ATTORNEY FOR APPELLEE: | EDLEY H. JONES, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/16/1999 |
| MOTION FOR REHEARING FILED: | 09/28/99; denied 11/18/99 |
| MANDATE ISSUED: | 11/29/99 |

## BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

¶1. Carter appeals from an adverse judgment in the Circuit Court of Neshoba County. We affirm. Carter raised three issues on appeal, but we will address only one, as we find the others to be without merit.

### STATEMENT OF THE FACTS

¶2. Terry Lane Carter and his twin brother went to the Wal-Mart store located in Philadelphia, Mississippi, in the early morning of March 27, 1996, to purchase some motor oil. While Carter and his brother were near the bicycle section looking around and talking with each other, Carter suddenly fell. Carter testified that a Wal-Mart employee, Curtis Walker, Jr., saw the accident. He further testified that Curtis Walker, Sr., the floor manager and the father of Curtis Walker, Jr., arrived and asked Walker, Jr., what had happened. Walker, Jr., explained to Walker, Sr., that Walker, Jr., had been mopping, that the floor was slippery and wet, and that he had not put out appropriate warning signs. As a result of the fall, Carter hurt his back and neck, incurred some medical bills, and lost five days of work.

¶3. Walker, Sr., testified that he was working as a floor manager at the time of Carter's slip and fall. He explained that Wal-Mart's policy was to put out warning signs prior to mopping floors, and that Walker, Jr., had been instructed to do so. Over Carter's objection, Walker, Sr., then testified that, just prior to the slip and fall, he had observed the area where the incident occurred and that the warning signs had been put out. Walker, Sr., also stated that when he was called back to the area after the fall, he noted that the warning signs were in the same places as they had been prior to the incident. On cross-examination, Walker, Sr., testified that he had not been present when the accident occurred. Walker, Jr., did not testify at trial.

## DISCUSSION

¶4. Carter claims that the trial judge improperly commented on trial testimony in the presence of the jury. Wal-Mart's one and only witness, Walker, Sr., testified that he had gone to the aisle where his son was mopping prior to the accident to see if the warning signs had been put out in accordance with store procedure. Carter's counsel objected to the testimony on the basis that Walker, Sr., had not been present at the time of the accident, so he could not have known if the signs were there at the time of the accident. The court ruled as follows:

> Objection is overruled. I believe he's laid the predicate as far as the witness being there at the time, and he is apparently leading up to the event itself. So the objection is overruled.

Walker, Sr., then testified he had been in the area a few minutes before the accident and had seen the signs out at that time. Again, Carter's counsel objected, saying the witness had not been there at the time of the accident. The court overruled the objection without explanation. Walker, Sr., then testified that there had been signs posted in the area prior to the accident occurring. Again, Carter's counsel objected because the witness had not been present at the time of the accident. The court overruled the objection, saying:

> Okay. Let me restate the court's perception. The witness has been qualified as being the floor manager, and that he was on duty at the time and place of the incident, and he was asked if he was there -- well, that -- right; if he was there at the time and place, and he said he was, and he was asked particularly if he was there immediately before the incident happened, and he said he was, and he was asked if he saw the signs out. So the Court deems that the predicate has been laid for this line of questioning, and so, I take it that your last objection was along the same lines as to whether he was there or not, and, if he wasn't there, he wouldn't know. So the Court, from the evidence, determines that he was there, so the objection is overruled. Proceed.

¶5. In the face of these continuing objections by Carter's counsel, the judge was simply explaining that the witness was *competent* to testify, i.e., that he had relevant personal knowledge that he could impart to the jury. *See* M.R.E. 601 and 602. Walker, Sr. was competent to testify because it was clear from the testimony that he had been present just prior to and immediately after the accident, and his first hand knowledge of the accident scene at that time was relevant. It was equally clear from the remainder of Walker, Sr.'s testimony that he was not there when Carter fell.

¶6. We have held that a trial judge should not make any statement with regards to the veracity of a witness' testimony, or the weight and credibility it should be afforded. *See* ***Young v. Anderson***, 249 Miss. 539, 544, 163 So. 2d 253, 255 (1964); ***Silvey v. Silvey***, 96 Miss. 137, 142, 51 So. 457, 458 (1910). Nevertheless, a judge may explain his rulings, especially when counsel continues to object and interrupts testimony. *See **Wells v. State**, 698 So. 2d 497, 510 (Miss. 1997)*; ***Hannah v. State***, 336 So. 2d 1317,

1321 (Miss. 1976); *Haralson v. State*, 314 So. 2d 722, 724 (Miss. 1975); *Bumpus v. State*, 166 Miss. 276, 281, 144 So. 897, 899 (1932). However, those explanations should be made outside the presence of the jury. A judge's comments may often be mistaken for a comment on the credibility of a witness or a particular party's case.

¶7. Read in isolation, the comments made in this case could easily be mistaken for a finding of fact that the witness observed the accident. However, the record taken as a whole belies that assumption. The testimony and argument at trial clearly revealed that Walker, Sr., had not observed the accident, but had been present at the scene immediately before and after the fall. In addition, we recognize that counsel's physical limitations made bench conferences troublesome in this case. Therefore, we find there was no reversible error and affirm the trial court judgment.

¶8. AFFIRMED.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**