386 So.2d 1099 (1980)
Larry FULGHAM
v.
STATE of Mississippi.
No. 51922.
Supreme Court of Mississippi.
July 30, 1980.
Butler & Butler, Jan R. Butler, Eupora, for appellant.
Bill Allain, Atty. Gen., by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Webster County for the sale of marijuana. On this appeal he alleges two assignments of error:
1. Appellant was denied his right to a fair trial by an impartial jury when the judge made statements in the presence of the jury panel concerning his personal feelings as to the sale of drugs.
2. Appellant was denied his right to a fair trial by an impartial jury when the District Attorney was allowed to make improper closing argument.
As to the first assignment of error, the record reveals the following: On November 20, 1978, Leland Sellars, Jr., and appellant, Larry Fulgham, were jointly indicted for the alleged delivery and sale of 109.9 grams of marijuana. A joint trial of the co-indictees was set for June 6, 1979. The record reveals the following as to what occurred at the outset of the trial:
Court having been called to order by proclamation of the Sheriff at nine o'clock A.M. on said date, the following transpired in open court in the presence of the jury panel.
The Court did cause to have called the matter of the State of Mississippi versus Leland Sellars, Jr. and Larry Fulgham, to which the District Attorney responded, informing the Court that he had been informed that the Defendant, Mr. Sellars, had an announcement to make regarding his involvement in this matter. At this time, Mr. Sellars, a co-indictee and co-defendant herein, did plead guilty to the offense charged, for which he was sentenced to serve a term of three years in the Mississippi State Penitentiary.

*1100 The Court did then again call this cause, naming Larry Fulgham as the sole defendant herein, at which time counsel for defendant, Mr. Butler, moved the Court for a continuance, which the Court overruled, and the following statement was subsequently placed into the record.
BY THE COURT: Let the record show that the Defendant, through his counsel, made an ore tenus motion for continuance on the basis that the co-indictee had pled guilty to the Court in the presence of the jury and that the Judge made comments relative to his feelings on the sale of drugs. The Court notes that the Court made no comments as to Mr. Fulgham, or to his relation of guilt or innocence and the motion is overruled.
Therefore, we have the following undisputed situation. The case of the State against the jointly indicted defendants, Sellars and Fulgham, was called in open court in the presence of the entire jury panel. The district attorney, in open court and in the presence of the jury panel, informed the court that he had been informed that the defendant Sellars had an announcement to make. Sellars then pled guilty and was sentenced to a term of three years in the Mississippi State Penitentiary, all in open court and in the presence of the jury panel. The court then recalled the case, naming only appellant as the one to be tried. After appellant's motion for a continuance, the court made the statement as shown above. In regard to appellant's motion stating that the court had made comments relative to his feelings on the sale of drugs before the jury panel that was to immediately begin trying appellant, the court only said: "The court notes that the court made no comments as to Mr. Fulgham or to his relation to guilty or innocence and the motion is overruled."
It is first noted that the court made no denial of appellant's contention that he was prejudiced by the court's remarks in the presence of the jury panel regarding the court's feelings on the sale of drugs. The statement of the court by implication admits some type of statement but justified it on the basis that no comments were made about the remaining defendant in the indictment.
It would have been proper for the trial court to have waited until after appellant's jury was selected and sent to chambers, or until after appellant's trial, to have held the sentence proceedings regarding Sellars.
Evidently the sentence proceeding involving Sellars was not transcribed by the court reporter, as now is normally the case in such proceedings in the circuit courts of the State. If a recording had been made, certainly the court would have attached exactly what was said to the present record.
We hold that it was reversible error for the court to have conducted the above set out proceedings regarding the plea and sentencing of the co-indictee Sellars in the presence of the jury panel that was about to begin appellant's trial. As hereinbefore stated, we admittedly do not have a record of the language used in these proceedings. We do have a motion by appellant's attorney that the court, although admittedly without any intent to prejudice, made statements regarding his personal views on drugs.
The guilt or innocence of the appellant is immaterial in deciding this question. It is elemental that every accused, although not entitled to a perfect trial, is entitled to a fair trial. There could be no question but that probable prejudice was injected into appellant's trial by the foregoing occurrences. This Court has spoken a number of times on the matter of comments made by the trial court in the presence of the jury. Stewart v. State, 263 So.2d 754 (Miss. 1972); Travelers Indemnity Co. v. Rawson, 222 So.2d 131 (Miss. 1969); Pearson v. State, 254 Miss. 275, 179 So.2d 792 (1965); Young v. Anderson, 249 Miss. 539, 163 So.2d 253 (1964); Dickerson v. Koeing, 242 Miss. 17, 133 So.2d 721 (1961); Collins v. State, 99 Miss. 47, 54 So. 665 (1910); Green v. State, 97 Miss. 834, 53 So. 415 (1910).
In Collins, supra, this Court said:
The common law, since trial by jury was secured by Magna Charta, the twenty-sixth *1101 section of our Constitution, and various criminal statutes of this state, guarantee to a person charged with a crime a fair trial by an impartial jury. This guaranty is to every person, high or low, rich or poor, guilty or innocent. The appellant in this case was denied this right. Here we have the judge, in the presence of the jury before whom the appellant was to be tried, by the character of questions put to her, bringing her cause into contempt. We reiterate what the court said in Green v. State [97 Miss. 834], 53 So. 415: "It is a matter of common knowledge that jurors, as well as officers in attendance upon court, are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; the jurors watch closely his conduct, and give attention to his language, that they may, if possible ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury to avoid prejudice to either party... . The Court will not stop to inquire whether the jury was actually influenced by the conduct of the judge. All the authorities hold that, if they were exposed to improper influences, which might have produced the verdict, the presumption of law is against its purity; and testimony will not be heard to rebut this presumption. It is a conclusive presumption."
By quoting and citing the above cases, we do not mean to imply that the trial judge in this case intentionally committed acts to prejudice appellant's case. Regardless of what was said during the sentencing procedures of Sellars, the fact that both men were called for trial in the same case with one changing his plea and being sentenced in the presence of the jury panel that was to try both at the same time would, in all probability, cause the jury to consider this situation as laymen. The error was emphasized in the closing argument of the district attorney when he stressed that Sellars and Fulgham were involved "together."
As to the second assignment of error, the language complained of by appellant and alleged to have been error is the following, said by the prosecuting attorney in his closing argument:
Ladies and gentlemen, opposing counsel has tried to make this appear as the Great State of Mississippi against the Defendant. Sure, this case is styled, State of Mississippi versus Fulgham, but who is the State of Mississippi? It's the people, and you represent the people. And, you apply the laws. In essence, you become law enforcement personnel today.
You are law enforcers from the stand-point that you are the final decision makers and you apply the laws that the Court has instructed you on. Now, I'd like to compare our criminal justice system to a chain. Now, we've all heard the expression that a chain is no stronger than its weakest link. There are several chains here. You have the first link, law enforcement. Law enforcement has done its job. The next link, although it means nothing here, is the grand jury. The grand jury has indicted him. You will not consider that fact, but that link is in the chain. It's strong. The prosecution is another link. We have to prosecute. Then, we get to the final link and that's the jury. And, I emphasize that the chain is no stronger than its weakest link.
We do not think that this assignment of error, standing alone, would require a reversal. However, we do think that it went too far, both in instructing the jury as to their position as "law enforcement personnel" and in making the "grand jury link" of the chain the same as the other links. Clemons v. State, 320 So.2d 368 (Miss. 1975); Stewart v. State, 263 So.2d 754 (Miss. 1972); Adams v. State, 220 Miss. 812, 72 So.2d 211 (1954). On retrial this argument should be omitted.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
SUGG, J., dissents.
*1102 SUGG, Justice, dissenting:
I dissent because this is a case which should be affirmed under Mississippi Supreme Court Rule 11.[1]
The record shows that the judge "made comments relative to his feelings on the sale of drugs." The record does not disclose the comments made by the judge so we do not know whether he made mild or inflammatory statements in the presence of the jury. It is well settled that, on appeal, this Court, "May not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973). Moreover, the burden rests on the appellant to see that the record contains all data essential to an understanding and presentation of matters relied upon for reversal on appeal. Willenbrock v. Brown, 239 So.2d 922 (Miss. 1970). These cases were quoted with approval in Johns v. State, 366 So.2d 244 (Miss. 1979).
We should not be called on to indulge in surmise and conjecture as to what the judge said. If the comments of the trial judge were so harmful that the defendant was prejudiced thereby, defendant should have requested that the judge's statements be included in the record if the court reporter recorded the statements; if not, defendant should have requested a bill of exceptions in which the language of the judge was set forth.
I agree with the majority that it was error to permit the codefendant, Sellars, to plead guilty in the presence of the jury, but am of the opinion that we should treat this as harmless error under Mississippi Supreme Court Rule No. 11. The evidence of the guilt of the defendant was beyond a reasonable doubt and was uncontradicted. We should not require another trial because it does not affirmatively appear from the whole record that defendant's conviction has resulted in a miscarriage of justice.
If the defendant had introduced any evidence which would cast doubt on his guilt, I would agree with the majority; however, under the evidence of this case no impartial jury could return a verdict other than guilty.
NOTES
[1] No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.