**7/1/97**

# IN THE COURT OF APPEALS

## OF THE

## STATE OF MISSISSIPPI

## NO. 96-KA-00656 COA

*WILLIE PATRICK, JR. A/K/A "BOSS HOG" APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS D. GORDON

COURT FROM WHICH APPEALED: SCOTT COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT: LAUREL G. WEIR

THOMAS L. BOOKER

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEIDRE MCCRORY

DISTRICT ATTORNEY: KEN TURNER

NATURE OF THE CASE: CRIMINAL

TRIAL COURT DISPOSITION: MANSLAUGHTER: SENTENCED TO SERVE A TERM OF 18 YRS IN THE MDOC & PAY A FINE OF $10,000.00

MOTION FOR REHEARING FILED:7/22/97

CERTIORARI FILED: 9/22/97

MANDATE ISSUED: 12/2/97

BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

THOMAS, P.J., FOR THE COURT:

Willie Patrick, Jr. was convicted of manslaughter, sentenced to a term of eighteen years in the custody of the Mississippi Department of Corrections, and ordered to pay a fine of $10,000. He appeals to this Court and raises the following issues:

Point One: It is reversible error for the lower court to permit the matter of a previous conviction of the appellant without making an on the record finding and with no explanation as to why it was received in evidence such as for impeachment and not for the crime alleged and the details of the alleged prior conviction.

Point Two: Plain error exists in the prosecution making remarks about the duty of the jury to send a message as opposed to trying the facts of the case.

Point Three: The lower court erred in appointing a foreman for the jury.

Point Four: Error exists in the severity of the punishment.

Point Five: The judgment of the court and verdict of the jury is contrary to the overwhelming weight of the law and evidence and error exists in not granting a mistrial and sustaining objections made by the appellant.

We find no reversible error and affirm the conviction and sentence.

**FACTS**

On November 3, 1995, John Macon, Willie Patrick, and Richard Moore were each in charge of a twelve man crew loading trucks at a chicken farm owned by Charles Latham in Ludlow. Macon and Patrick got into an argument over who was to load the truck driven by Reggie McCurdy. The argument lasted for several minutes. McCurdy testified that "[t]hey were up in each other's face, and they were pretty close to each other, and John Macon pushed Willie Patrick back and that's when Willie . . . pulled the pistol and shot him." McCurdy testified that Macon did not have a weapon of any kind.

C. L. Nick testified that he was on the other side of the truck when he heard a gunshot. When Nick looked around, he saw Patrick standing over Macon holding a gun. Nick did not see a weapon on or near Macon.

Richard Moore testified that he heard the argument between Patrick and Macon after which he heard "something pop." Moore then saw Patrick standing over Macon "hollering, 'Get up, or I will shot you again. Get up you bad so and so, or I will shoot you again.'" Moore testified that there was no gun, knife or any weapon on or near Macon.

Lenny Vivians, who was working on Macon's crew, testified that during the argument Macon pushed Patrick and then Patrick reached in his pocket and shot him. Vivians testified that Macon only had a stir sack and a notebook in his hands. Vivians said that after shooting Macon, Patrick was "cussing over him."

Another member of Macon's crew, Glenn Champion, testified that he was inside the chicken house when he heard the gunshot. Champion saw Patrick walking toward the van with a pistol in his hand.

Champion saw Macon lying on the ground, but saw no weapon on or near Macon.

James Thomas Martin testified that he was working on Richard Moore's crew. Martin heard the argument, saw Macon push Patrick and Patrick shoot Macon. Martin testified that after the shooting he placed his coat under Macon's head. Martin testified that he saw no weapon on or around Macon.

The appellant's brother, Edward Patrick, Jr., testified that he was at the other end of the chicken house when the shooting occurred. Edward stated that a man called "Tennessee" was standing over Macon's body and that Macon had an open knife "clutched out to his side."

Danny Woods, a driver on the appellant's crew, testified that Patrick and Macon were about four or five feet apart, Macon had a stir sack under his arm and had his right hand in his right pocket, and Patrick had his hand in his pocket. Woods stated that when Macon "took his hand out of his pocket, well, that's when Boss shot him." Woods testified, "I did not see no knife, because he had a shaker in his hand and his right hand in his pocket."

Ashley Renfroe, the emergency room admission clerk at Scott Regional Hospital, testified that after the stretcher carrying Macon was brought into the hospital an open knife fell onto the floor of the trauma room. Renfroe picked up the knife and handed it to Deputy Sheriff Jerry McNeese. Renfroe could not say where the knife came from.

Willie Patrick testified that Macon shoved him first and Patrick shoved back. Patrick said, "It was a good hard shove, and when I did that, that's when he come out of his pocket with his knife, and that's when I took two quick steps back and shot him." Patrick testified that after Macon was shot, Macon was "still trying to raise the knife up still and he just dropped it." Patrick testified that he also had a pocket knife in his pocket and agreed that it was larger than the knife which was recovered at the hospital and attributed to Macon. Patrick was unable to explain how Macon could have been trying to raise his hand after being shot in the heart.

## DISCUSSION

**Point One: It is reversible error for the lower court to permit the matter of a previous conviction of the appellant without making an on the record finding and with no explanation as to why it was received in evidence such as for impeachment and not for the crime alleged and the details of the alleged prior conviction.**

On cross-examination, the State asked Patrick if he had been convicted of perjury, and Patrick replied, "I think so." The prosecution then asked if the crime "means lying on the witness stand in Court" and a general objection by the defense was sustained by the trial court. The court then sustained an objection to the introduction of certified copies of the federal commitment order. Defense counsel objected "because he has already testified and answered the question." Defense counsel again objected because "[h]e has already answered it" when the prosecution sought to have Patrick clearly admit that his conviction was for perjury. This time the court overruled the objection and Patrick answered, "I guess," to the question of whether he had been convicted of perjury. After further attempts, the State was able to get the following from Patrick:

Q. (Turner) Mr. Patrick, all I am trying to find out from you if did you -- were you or were you not convicted of perjury in the United States Federal Court of Mississippi?

A. In Jackson?

Q. Uh-huh.

A. Yeah.

Q. That's all I want to know. Thank you.

BY MR. TURNER: That's all the questions I have.

On appeal, Patrick argues that the trial court erred in admitting evidence of the previous perjury conviction without making a finding on the record under *Peterson v. State*, 518 So. 2d 632 (1987). As the State points out, Patrick did not raise this issue in the trial court and as such the issue is procedurally barred. *Thibodeaux v. State*, 652 So. 2d 153, 174 (Miss. 1995). The issue is also clearly without merit.

M.R.E. 609(a) provides:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) *involved dishonesty or false statements, regardless of the punishment.*

The comment to Rule 609 makes clear that "dishonest or false statements" means the crime of perjury and goes on to say: "The admission of prior convictions involving dishonesty or false statement is not within the discretion of the court. Such convictions are peculiarly probative of credibility and are always to be admitted."

Patrick also makes the argument that the court erred in allowing the State to ask details about the prior conviction. Patrick's objection to the presentation of the "details" of the crime and to extrinsic evidence of it was sustained by the court. The record does not show that the State sought any more than a definite answer from Patrick about whether he had been convicted of perjury. Once the State obtained a direct answer from Patrick, no further questions were asked.

This issue is procedurally barred and without merit.

**Point Two: Plain error exists in the prosecution making remarks about the duty of the jury to send a message as opposed to trying the facts of the case.**

During closing argument, the prosecutor said:

People are going to act in Scott County in the way that the jury shows them how to act. A not guilty verdict will tell people, "It's all right to go to work with a gun. If you have a disagreement, shoot him,

" but a guilty verdict will tell them, "We are not going to tolerate that kind of action. Human life is not that cheap."

Patrick made no objection to the argument in the trial court. Accordingly, the issue is procedurally barred. *Earley v. State*, 595 So. 2d 430, 433 (Miss. 1992).

Patrick relies on *Hunter v. State*, 684 So. 2d 625 (Miss. 1996) as support. In that case, the supreme court stated:

Hunter also asserts that the prosecutor improperly asked the jury to "send a message" during closing arguments at the penalty phase. This Court has repeatedly cautioned prosecutors not to use this argument. *Chase v. State*, 645 So. 2d 829, 854 (Miss. 1994); *Williams v. State*, 522 So. 2d 201, 209 (Miss. 1988); *Carleton v. State*, 425 So. 2d 1036, 1039 (Miss. 1983). Indeed, "[t]he function of the jury is to weigh the evidence and determine the facts . . . . Mississippi jurors are not message boys." For this reason, the use of the "send a message" argument should be avoided on remand.

*Id.* at 637. The supreme court in *Hunter* did not reverse based on the prosecutor's comments, but three members of the court in separate concurring opinions expressed the view that the court should have held this "send a message" reversible error. Specific objection was raised by the defense to the argument in *Hunter* and in the other cases cited. In spite of the dissenting view in *Hunter*, in no case cited or found has the supreme court reversed a case based on this form of closing argument. In *Fulgham v. State,* 386 So. 2d 1099 (Miss. 1980), which was reversed on other grounds, the supreme court considered an argument in which the jury was depicted as the final link in the chain of law enforcement and stated, "We do not think that this assignment of error standing alone would require reversal." *Id.* at 1101.

In light of the disposition of these cases and Patrick's failure to objection, we find no basis for reversal.

**Point Three: The lower court erred in appointing a foreman for the jury.**

Patrick argues that the court committed reversible error in selecting the foreman of the jury. As with Patrick's previous assignments of error, no objection was raised in the trial court and the issue is procedurally barred. *See Hunter*, 684 So. 2d at 636; *Robinson v. State*, 662 So. 2d 1100, 1104 (Miss. 1995); *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994).

In *Ballenger v. State*, 667 So. 2d 1242, 1258 (Miss. 1995), the supreme court held that Ballenger was procedurally barred from raising the argument on appeal, but went on to say, "In the future, trial judges are advised not to appoint jury foreman. Who is to be the foreman is a decision which should be made by fellow jurors." Although the present case was decided after *Ballenger*, we conclude that Patrick has shown no prejudice such as to warrant reversal of the case. It was incumbent on Patrick to raise objection in the trial court; otherwise, the issue is barred.

**Point Four: Error exists in the severity of the punishment.**

Patrick argues that a sentence of eighteen years and a $10,000 fine is grossly disproportionate to the crime and violates his Eight Amendment right as being cruel and unusual punishment.

At the time that sentence was imposed no objection was raised nor was the issue raised in post trial motions. Consequently, the issue is procedurally barred.

The sentence imposed was within the statutory limits. Miss. Code Ann. 97-3-25 (1972) authorizes up to a twenty year sentence after conviction of manslaughter. In numerous cases, the supreme court has upheld sentences against attack where the sentence was within the statutory bounds.

This issue is procedurally barred and without merit.

**Point Five: The judgment of the court and verdict of the jury is contrary to the overwhelming weight of the law and evidence and error exists in not granting a mistrial and sustaining objections made by the appellant.**

Patrick contends that the verdict is against the overwhelming weight of the evidence, but fails to cite any authority in support of his argument. Consequently, this Court is under no obligation to consider the assigned error. *McClain v. State,* 625 So. 2d 774, 781 (Miss. 1993).

On review, this Court accepts as true all evidence favorable to the State, and the State is given the benefit of all reasonable inferences that may reasonably be drawn from the evidence. *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). The Court will reverse only for an abuse of discretion.

*Id.*

The jury heard evidence from which they could conclude that Patrick shot Macon in the heat of passion without the authority of law and not in necessary self-defense. Only Patrick and his brother testified that Macon had a knife at the time he was shot. The majority of witnesses saw no knife at all. As the trial judge noted during sentencing, the proof could have supported a conviction of murder if the grand jury had indicted Patrick for that crime.

There is no merit to the argument.

**THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. COSTS OF THE APPEAL ARE TAXED TO SCOTT COUNTY.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**