# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00605-SCT

*TIMOTHY TURNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/97 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM ARNOLD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | NOEL D. CROOK |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 8/27/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/17/98 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On January 24, 1997, Timothy Turner was indicted by the Yazoo County Grand Jury for the crime of automobile burglary in violation of Miss. Code Ann. § 97-17-33. On April 11, 1997, Turner was given a trial by jury in the Yazoo County Circuit Court, and the jury returned a verdict of guilty against Turner. The trial court then sentenced Turner to serve a term of seven years in the custody of the Mississippi Department of Corrections with two of those years suspended. Aggrieved by the trial court's decision, Turner, by and through his attorney, Jim Arnold, now appeals to this Court and raises the following issues:

> **I. WHETHER TURNER WAS PREJUDICED AND DENIED THE RIGHT TO A FAIR TRIAL BY THE PROSECUTOR'S REMARKS MADE DURING OPENING AND CLOSING ARGUMENT.**
>
> **II. WHETHER THE TRIAL COURT ERRED BY DENYING TURNER'S MOTION FOR A DIRECTED VERDICT AT THE END OF THE STATE'S CASE.**
>
> **III. WHETHER THE TRIAL COURT ERRED BY ALLOWING JURY**

**INSTRUCTIONS S-1 AND S-2.**

**IV. WHETHER THE TRIAL COURT ERRED BY ALLOWING TURNER'S FORMER ATTORNEY, KELLY COLLINS, TO TESTIFY AT TRIAL.**

## FACTS

¶2. During the late hours of April 6, 1996, John Williamson's 1990 Chevrolet pickup truck was burglarized outside Freddie's Bar and Pool Hall in Yazoo City, Mississippi. According to Williamson, he attended dinner earlier in the evening at the Main Event, a local bar, before arriving at Freddie's a few minutes before midnight. Williamson parked his truck under a security light, and his date parked her vehicle near his truck. Williamson and his date entered Freddie's and stayed for a few minutes before returning to the parking lot. When Williamson exited Freddie's, he observed a shadow in his truck and instructed his date to go back inside and call the police. Williamson then proceeded toward the truck with his .22 caliber pistol which he carried because he had not yet deposited the money from his business. Williamson reached the truck and placed the pistol to the head of Timothy Turner who was sitting in the truck on broken glass. Williamson observed that the console between the seats of the truck was open and that his stereo face and radar detector was in Turner's lap. Williamson instructed Turner to remain in the truck until the police arrived.

¶3. Freddie Vancleve, the owner of Freddie's, testified that both Turner and Williamson were inside the bar that night. Vancleve asked Turner to leave the bar because he was loaded and disturbing the customers. Vancleve testified that about ten minutes after Williamson had left the bar that the girlfriend informed him to call the police, and Vancleve called the police. Vancleve then went out to the parking lot to find Williamson holding a gun on Turner who was sitting inside the truck. Vancleve also observed that the truck door window was knocked out and that Turner was holding some of Williamson's things in between his legs. Vancleve further testified that he pulled Turner outside of the truck and pushed him up against the front of the truck. Vancleve detained Turner on the hood of the truck until the police arrived and arrested Turner.

¶4. Tammy Porter testified on behalf of the defense that when Turner was told to leave the bar that she and her husband followed him outside to the parking lot. Porter stated that her husband went back inside and that she stayed outside to make a phone call. While outside, Porter testified that she heard Turner crash his car into the side of the building and that she observed Turner get out of the car, walk up to Williamson's truck, open the door and look wildly into the truck but that she never saw Turner get inside the truck or take anything from the truck. Porter testified that while Turner was standing at the door of the truck that Williamson came toward him with a gun and pointed it towards Turner. Porter stated at this time that she went back inside and hollered, "There's somebody out here with a gun fixing to shoot this guy." Porter testified that she later returned outside to see Turner being held against the hood of the truck until the police arrived. The prosecution later in rebuttal presented testimony from Kelly Collins, Turner's former attorney who represented him at the preliminary hearing, that Tammy Porter was related to Turner's mother.

## DISCUSSION OF THE LAW

**I. WHETHER TURNER WAS PREJUDICED AND DENIED THE RIGHT TO A FAIR TRIAL BY THE PROSECUTOR'S REMARKS MADE DURING OPENING AND**

**CLOSING ARGUMENT.**

¶5. Turner first contends that he was prejudiced by the prosecutor's remarks made in his opening argument referring to Turner as a "burglar." During his opening argument, the prosecutor made the following statement:

> The defendant in this case today is Timothy Turner. He's a burglar. We'll prove that to you today. If you've ever wondered what one looks like, that's what one looks like right there.

After this remark was made by the prosecutor, defense counsel objected to the statement, and the trial court sustained the objection and instructed the jury to disregard the statement made by the prosecutor.

¶6. This Court, in *McFee v. State*, 511 So. 2d 130 (Miss. 1987), addressed the effect of a trial court sustaining an objection to a prosecutor's remarks characterizing the defendant and instructing the jury to disregard the remark as follows:

> Where a prosecutor engages in conduct such that the defendant's right to a fair trial is substantially impaired, and where the trial judge improperly fails to grant a mistrial, this Court will reverse on appeal. *Hickson v. State*, 472 So. 2d 379, 384 (Miss. 1985); *Clemons v. State*, 320 So. 2d 368, 372 (Miss. 1975); *Pieratt v. State*, 235 So. 2d 923, 924-25 (Miss. 1970). Yet, a timely objection, promptly sustained with an instruction for the jury to disregard the prosecutor's comments, is generally sufficient to dissipate any taint of prejudice. *Johnson v. State*, 477 So. 2d 196, 210 (Miss. 1985); *Hanner v. State*, 465 So. 2d 306, 311 (Miss. 1985); *Terrell v. State*, 262 So. 2d 179, 181 (Miss. 1972).
>
> . . . .
>
> Clearly, it is impermissible for the prosecutor to abuse or vilify the defendant in his arguments before the jury, thereby appealing to its passion or prejudice. *Curry v. State*, 328 So. 2d 328, 330 (Miss. 1976); *Stewart v. State*, 263 So. 2d 754, 758-59 (Miss. 1972); *Craft v. State*, 226 Miss. 426, 434, 84 So. 2d 531, 534-35 (1956). Yet, consistent with the authority cited above, there is no error where, as here, the trial judge sustains a seasonable objection, instructing the jury to disregard the comment.

*McFee v. State*, 511 So. 2d 130, 135 (Miss. 1987). In the case sub judice, we find that there is no error, for the trial court properly sustained the objection of defense counsel and instructed the jury to disregard the comment made by the prosecutor. *McFee*, 511 So. 2d at 135 (citations omitted). Thus, the trial court's actions dissipated any taint of prejudice to Turner. *Id.*

¶7. Turner next contends that remarks made by the prosecutor during closing arguments were highly prejudicial and warrant reversal. During the prosecutor's closing argument, the following argument was made by the prosecution:

> Just blaming the victim. Putting the victim on trial here. He had been violated by having his truck broken into, and then violated by losing money; he had been violated by leaving his business. He's got a small business, got one person out there that helps him a little bit. Hadn't been violated enough. Just blame the victim.

Is that what we want? Is that what our society has gotten to? Ladies and gentlemen, it's up to you to put a stop to this type of behavior. It's up to you to hold Timothy Turner responsible for what he did out there that night. We've done everything that we can do. The police department, the law enforcement in Yazoo City and Yazoo County, they have done absolutely everything that they can do. Can't ask anymore from them. We've done everything that we know how to do. We've all done our jobs.

Ladies and gentlemen of the jury, you were picked as a jury because you've all got common sense, you come from diverse backgrounds, you're good, voting citizens of Yazoo City and Yazoo County, like Mr. Williamson, the victim in this case; like these law enforcement people. Not like Timmy Turner.

However, after this argument was made before the jury, defense counsel failed to make a contemporaneous objection to the argument.

¶8. This Court, in *Johnson v. State*, 477 So. 2d 196 (Miss. 1985), stated:

We next observe it is the duty of a trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument, to promptly make objections and insist upon a ruling by the trial court. The trial judge first determines if the objection should be sustained or overruled. If the argument is improper, and the objection is sustained, it is the further duty of trial counsel to move for a mistrial. The circuit judge is in the best position to weigh the consequences of the objectionable argument, and unless serious and irreparable damage has been done, admonish the jury then and there to disregard the improper comment.

*Johnson v. State*, 477 So. 2d 196, 209-10 (Miss. 1985) (citations omitted). Thus, this Court has continuously held that a defendant "was procedurally barred from challenging remarks made by the prosecution during closing argument when the record demonstrated that the defendant did not lodge a contemporaneous objection at trial." *Davis v. State*, 660 So. 2d 1228, 1246 (Miss. 1995) (citing *Foster v. State*, 639 So. 2d 1263, 1289 (Miss. 1994)); *see also Lester v. State, 692 So. 2d 755, 795-96 (Miss. 1997)* (holding issue waived where defense counsel failed to object to prosecutor's comments at trial); *Carr v. State*, 655 So. 2d 824, 853 (Miss. 1995) (holding that defendant's failure to make contemporaneous objection to prosecutor's comment barred issue from review on appeal); *Dunaway v. State*, 551 So. 2d 162, 164 (Miss. 1989) (holding that contemporaneous objection must be made to prejudicial comments by the prosecution or the point is waived). Additionally, this Court held "that error not raised at trial or in post-trial motions may not be reviewed on appeal." *Davis*, 660 So. 2d at 1246 (citing *Foster*, 639 So. 2d at 1289; *Watts v. State*, 492 So. 2d 1281, 1291 (Miss. 1986)). Thus, we hold that since Turner did not make a contemporaneous objection or raise this issue in his post-trial motion for a new trial that this issue is procedurally barred.

¶9. Without waiving the procedural bar, this Court may address the assignment of error on the merits. *Chase v. State*, 645 So. 2d 829, 835 (Miss. 1994); *Foster*, 639 So. 2d at 1271. "This Court has repeatedly cautioned prosecutors against using the 'send a message' argument." *Evans v. State, Nos. 93-DP-01173-SCT, 94-CA-00176-SCT, 1997 WL 562044, at *59 (Miss. Sept. 11, 1997)* (citing *Hunter v. State*, 684 So. 2d 625, 637 (Miss. 1996); *Chase*, 645 So. 2d at 854; *Williams v. State*, 522 So. 2d 201, 209 (Miss. 1988); *Carleton v. State*, 425 So. 2d 1036, 1039 (Miss. 1983)).

¶10. In *Fulgham v. State*, 386 So. 2d 1099 (Miss. 1980), this Court considered a lengthy argument by the prosecution that the jury was the final link in the chain of law enforcement. *Fulgham v. State*, 386 So. 2d 1099, 1101 (Miss. 1990). Although *Fulgham* was reversed on other grounds, the Court stated, "We do not think that this assignment of error, standing alone, would require a reversal." *Fulgham*, 386 So. 2d at 1101.

¶11. In *Williams*, this Court was presented with the lack of an appropriate record for appellate review and refused to reverse the appellant's conviction due to the following remark by the prosecutor: "By your vote, you can make the statement clearly, steadfastly, and unequivocally that law or order exists for everyone in Harrison County." *Williams*, 522 So. 2d at 208.

¶12. In *Evans*, the prosecutor made the following remark during closing argument: "You are a part of the criminal justice system, the final step, and it is by your vote that this decision will be made." *Evans*, 1997 WL 562044, at *59. No objection was made to this statement, and although the remarks were extremely close to being improper, this Court, following the reasoning in *Fulgham* and *Williams*, held that "these comments alone do not appear to require reversal." *Id.* at *60.

¶13. The remarks in the case sub judice are similar to those made by the prosecutors in *Fulgham*, *Williams*, and *Evans*, and likewise, these comments alone do not require reversal. However, the remarks constitute a "link in the chain" argument and are hereby condemned. Prosecutors should refrain from use of such arguments.

¶14. The trial judge's sustaining of the objection with instructions to the jury to disregard cured the first issue regarding the prosecutor's comment made during opening statement. Turner's complaint about the prosecutor's comment made during closing argument is procedurally barred. Alternatively, considered on the merits, although we condemn the use of the particular comment as improper "link in chain," nevertheless, applying *Fulgham, Williams,* and *Evans*, the comment standing alone does not warrant reversal.

## II. WHETHER THE TRIAL COURT ERRED BY DENYING TURNER'S MOTION FOR A DIRECTED VERDICT AT THE END OF THE STATE'S CASE.

¶15. Turner contends that the trial court erred in denying his motion for directed verdict lodged at the close of the State's case-in-chief. The State argues that sufficient evidence was presented in the State's case-in-chief to support the trial court's denial of Turner's directed verdict motion.

¶16. This Court has held, "It is elemental that after a motion for directed verdict is overruled at the conclusion of the State's evidence, and the appellant proceeds to introduce evidence in his own behalf, the point is waived. In order to preserve it, the appellant must renew his motion for a directed verdict at the conclusion of all the evidence." *Wright v. State*, 540 So. 2d 1, 3 (Miss. 1989) (quoting *Harris v. State*, 413 So. 2d 1016, 1018 (Miss. 1982)). *See, e.g.*, *Bounds v. State*, 688 So. 2d 1362, 1372 (Miss. 1997); *Holland v. State*, 656 So. 2d 1192, 1197 (Miss. 1995); *State v. Russell*, 358 So. 2d 409, 413 (Miss. 1978).

¶17. In the case sub judice, Turner moved for a directed verdict at the close of the State's case-in-chief. Turner then presented evidence in his own behalf but did not renew his motion for directed verdict at the close of all the evidence. Thus, Turner waived this assignment of error, and it is

therefore not properly before this Court.

¶18. Notwithstanding the bar, however, alternatively, we find that the evidence and the reasonable inferences from the evidence supported the jury's verdict of guilt beyond a reasonable doubt and that the trial court correctly denied Turner's motion for directed verdict. *See* ***White v. State***, 566 So. 2d 1256, 1259 (Miss. 1990). In ***White***, this Court explained the standard of review of the denial of a motion for directed verdict as follows:

> The standard of review in judging the sufficiency of the evidence on motion for directed verdict requires that we accept as true all evidence favorable to the State, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed.

***White***, 566 So. 2d at 1259 (quoting ***Boyd v. State***, 523 So. 2d 1037, 1040 (Miss. 1988); ***Stever v. State***, 503 So. 2d 227, 230 (Miss. 1987); ***Haymond v. State***, 478 So. 2d 297, 299 (Miss. 1985)). In the case sub judice, the State presented the testimony of John Williamson that Williamson found Turner sitting in the truck on broken glass with Williamson's radar detector and stereo facing in his lap. Freddie Vancleve additionally testified that when he came outside of the bar that he also saw Turner inside Williamson's truck with some of Williamson's things between his legs. Thus, following the applicable standard of review, we find that the evidence presented by the State was sufficient to support the jury's verdict and warrant the trial court denying Turner's motion for directed verdict. As a result, this assignment of error is both waived and, alternatively, without merit.

### III. WHETHER THE TRIAL COURT ERRED BY ALLOWING JURY INSTRUCTIONS S-1 AND S-2.

¶19. Turner contends that the trial court erred by allowing Jury Instruction S-1 because the State failed to put on any evidence of intent to steal any property belonging to the alleged victim. Turner further asserts that the trial court additionally erred by allowing Jury Instruction S-2 because the State failed to show that Turner ever entered Williamson's truck. The State asserts that the trial court did not err by granting Jury Instructions S-1 and S-2 because there was sufficient evidence to support the grant of the instructions.

¶20. Turner's argument in support of this issue is without cited authority. This Court has held, "We remain steadfast to rule that failure to cite any authority may be treated as a procedural bar, and we are under no obligation to consider the assignment." ***McClain v. State***, 625 So. 2d 774, 781 (Miss. 1993) (citing ***Smith v. Dorsey***, 599 So. 2d 529, 532 (Miss. 1992); ***RC Petroleum Co. v. Hernandez***, 555 So. 2d 1017, 1023 (Miss. 1990); ***Brown v. State***, 534 So. 2d 1019, 1023 (Miss. 1988); ***Shive v. State***, 507 So. 2d 898, 900 (Miss. 1987); ***Read v. Southern Pine Elec. Power Ass'n***, 515 So. 2d 916, 921 (Miss. 1987); ***Pate v. State***, 419 So. 2d 1324, 1326 (Miss. 1982)). Regardless of the bar, Turner's argument still fails on its merits.

¶21. The standard of review for reviewing challenges to jury instructions is as follows: "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." ***Coleman v. State***, 697 So. 2d

777, 782 (Miss. 1997) (quoting **Collins v. State**, 691 So. 2d 918 (Miss. 1997)). Furthermore, "[t]he general rule is that jury instructions must be supported by evidence and must provide that the jury must find each element of the crime under the proper standard of proof." **Wilson v. State**, 592 So. 2d 993, 997 (Miss. 1991) (citing **Turner v. State**, 573 So. 2d 1340, 1343 (Miss. 1990)).

¶22. Jury Instruction S-1 provided as follows:

> Timothy Turner has been charged with the offense of burglary by breaking and entering an automobile.
>
> If you find from the evidence in this case beyond a reasonable doubt that Timothy Turner, on or about April 6, 1996 in Yazoo County did unlawfully, willfully, feloniously and burglariously break and enter a 1990 Chevrolet pickup being where any valuable thing was kept for use with intent to steal personal property kept therein then you shall find the defendant guilty of Auto Burglary as charged.
>
> If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Timothy Turner not guilty of Auto Burglary.

Miss. Code Ann. § 97-17-33 sets forth the elements of the crime of auto burglary as follows:

> Every person who shall be convicted of breaking and entering, in the day or night, any . . . automobile . . . in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony . . . shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.

Miss. Code Ann. § 97-17-33 (1994). Thus, we find that Jury Instruction S-1 properly set forth the elements of auto burglary and the standard of proof, i.e., beyond a reasonable doubt, that each element had to be established. In addition, this Court has held that "an instruction is sufficient when it follows the language of the pertinent statute." **Sanders v. State**, 586 So. 2d 792, 796 (Miss. 1991) (citing **Crenshaw v. State**, 520 So. 2d 131 (Miss. 1988)).

¶23. Turner, however, alleges that Jury Instruction S-1 should not have been granted because the State failed to offer sufficient evidence of intent. However, we find that the State presented sufficient evidence to support the giving of Jury Instruction S-1 because the State presented testimony from both Williamson and Vancleve that Turner was sitting in the truck on broken glass with Williamson's property in his lap. This evidence was sufficient to support a jury instruction on the crime of auto burglary which requires the establishment of a requisite intent to steal.

¶24. Turner additionally alleges that Jury Instruction S-2 should not have been given because the State failed to present evidence that Turner entered the truck. Jury Instruction S-2 read as follows:

> The word "entering" as used in the burglary instruction means the act of making one's way into an automobile. The least entry with any part of the body or with any instrument is sufficient to constitute an entering.

However, the State presented evidence through the testimony of both Williamson and Vancleve that Turner was sitting inside the truck. Thus, there was sufficient evidence to support a jury instruction

further defining the required element of "entering" to constitute a burglary.

¶25. As a result, we hold that this assignment of error is both procedurally barred and, alternatively, without merit.

### IV. WHETHER THE TRIAL COURT ERRED BY ALLOWING TURNER'S FORMER ATTORNEY, KELLY COLLINS, TO TESTIFY AT TRIAL.

¶26. Turner asserts that the trial court erred by allowing Kelly Collins to testify for the State because Collins' testimony was highly prejudicial to Turner since Collins was his former attorney and had personal knowledge of the facts and circumstances surrounding Turner's case.

¶27. Again, Turner's argument in support of this assignment of error is without cited authority, and this Court treats the failure to cite any authority as a procedural bar. *McClain*, 625 So. 2d at 781. Despite the procedural bar, this assignment of error fails on its merits.

¶28. In the case sub judice, after the defense rested its case, the State called Kelly Collins as a rebuttal witness. Collins did not testify to the facts and circumstances regarding the actual charges against Turner. The only purpose of Collins' testimony as a rebuttal witness was to testify that the defense's witness, Tammy Porter, was related to Turner's mother. However, on cross examination, the defense attempted to elicit testimony from Collins that he represented Turner at Turner's preliminary hearing, but the trial court sustained the State's objection to anything that happened at the preliminary hearing. Thus, if Turner was in anyway prejudiced by Collins, as his former attorney, testifying adverse to his interest, knowledge of Collins' former representation of Turner was presented by the defense itself, and the trial court cannot be held in error where any prejudice was the result of the defense's own action.

¶29. At the end of all the evidence, the defense, outside the presence of the jury, made a motion to exclude the testimony of Collins pursuant to the attorney-client privilege. Although Turner does not claim in his brief on appeal that the attorney-client privilege was violated, we find that the attorney-client privilege was not violated. This Court has held that the attorney-client privilege "covers all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Barnes v. State*, 460 So. 2d 126, 131 (Miss. 1984). The record reflects that the testimony given by Collins was not covered by the attorney-client privilege. Collins testified to the relationship between Porter and Turner's mother not as a result of information received by Collins from Turner in his professional capacity but as a result of his own personal knowledge of living in Yazoo County for over fifty-seven years. However, Collins was never identified as Turner's former lawyer during testimony.

¶30. Nevertheless, we find Collins' testimony appears unseemly in this case. Prosecutors should refrain from using a prior attorney for a defendant as a witness against the defendant, regardless of the circumstances, so as to avoid any possible appearance or claim of impropriety. The prosecutor's not using a prior attorney of the defendant as a witness against the defendant also helps to curtail any possible public criticism, distrust of the judicial system, and particularly helps to avoid any subsequent criticism or bar complaint against the attorney. This type of procedure is fraught with danger especially for the attorney so testifying and should always be avoided.

¶31. As a result, although we condemn the procedure, we hold that this assignment of error is both procedurally barred and, alternatively under the facts here, without merit.

## CONCLUSION

¶32. Turner contends that he was prejudiced by the prosecutor's statements made during both opening and closing argument. However, the record reveals that any prejudice by the prosecutor's statements in its opening argument was cured by the trial court sustaining the defendant's objection and instructing the jury to disregard the statement. The record additionally reveals that Turner waived objection to the prosecutor's statements made during closing argument, and this Court has held that similar argument alone does not amount to reversible error. Turner further contends that the trial court erred by denying his motion for directed verdict, but Turner waived this objection when he proceeded to put on his defense and failed to renew his motion at the close of all the evidence. The record additionally revealed that there was sufficient evidence presented by the State to support the trial court's denial of Turner's motion for directed verdict.

¶33. Turner also asserts that the trial court erred by allowing Jury Instructions S-1 and S-2, but the record reveals that the instructions were proper statements of the law and were supported by sufficient evidence. Finally, Turner alleged that the trial court erred by allowing the testimony of Kelly Collins. The record reveals that Collins' testimony was not covered by the attorney-client privilege and that any prejudice was the result of the defendant's own actions. Regardless, this procedure is condemned and is to be avoided. Prosecutors should refrain from using a defendant's prior attorney as a witness in proceedings against the defendant because it appears unseemly, unnecessarily invites problems, causes possible distrust of the judicial system, and creates a possible appearance of impropriety. We affirm the decision of the trial court.

¶34. **CONVICTION OF AUTO BURGLARY AND SENTENCE OF SEVEN (7) YEARS WITH TWO (2) YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. SULLIVAN, P.J., NOT PARTICIPATING.**