McMILLIN, P.J.,
for the Court:
¶ 1. Nikalay Radcliff and Randy Williams have appealed their conviction for rape. They have appealed separately; however, both raise an issue on appeal relating to the trial court’s failure to permit introduction of evidence of the alleged victim’s prior sexual conduct. Williams additionally claims that his sentence was so harsh as to constitute constitutionally-prohibited cruel and unusual punishment. Radford’s second issue claims reversible error based on inflammatory assertions in the State’s closing argument. We find these issues to be without merit and affirm both convictions.
¶ 2. As to the first issue raised by both appellants, Mississippi evidentiary rules are clear that evidence of the victim’s prior sexual conduct is not admissible, no matter what the arguable basis for its probative value, unless a prior motion to determine the admissibility of such evidence is made at least fifteen days prior to commencement of trial. M.R.E. 412(c). No such motion was made in this case. Both defendants advance the argument that, despite their failure to comply with the rules of evidence to attempt to admit evidence of this victim’s prior sexual activity, the “door was opened” to such inquiry when the victim, in her testimony, referred to a young child living in the home as “my baby.” We find this argument to be patently without merit. Apparently, both defendants claimed that the victim’s involvement in the encounter that led to their indictment was consensual on her part. Evidence of prior sexual conduct is admissible to substantiate a claim that the victim voluntarily engaged in such activity only if the alleged previous activity was with the accused. M.R.E. 412(b)(2)(B). The fact that the alleged victim in this case may have had a child does nothing to suggest that either defendant in this ease was the parent and, therefore, does nothing to open the door to the victim’s prior sexual activity.
¶ 3. Williams was sentenced to thirty years upon his conviction. Though he was only sixteen years of age at the time of sentencing, he suggests that this term of incarceration amounts to a life sentence. He offers no factual basis for this assertion nor any legal authority that a thirty year sentence for a person of his age is, in the eyes of the law, the equivalent of a life sentence. We find this unsupported assertion to be without merit. Johnson v. State, 626 So.2d 631, 634 (Miss.1993).
¶ 4. Radcliff argues that the prosecution erred in closing argument, by advancing what seems to be a variation on what has come to be known in this State as the “Golden Rule” argument where the jurors are urged to mentally put themselves in the place of some player in the criminal drama and judge that person’s behavior by how the jurors believe they would have responded. The victim had testified that she was coerced into submitting to her assailants at gunpoint. In urging the jury to reject the defense proposition that the victim’s failure to physically *1083 resist was an indication that she consented to engage in this sexual activity, the prosecution did not impermissibly ask the jurors to put themselves in the victim’s place, but, instead, suggested that even defense counsel, who was a female, would not physically resist if she were forced into a sexual encounter at gunpoint. We find this argument to be improper and unsuitable for the representative of the State in a criminal prosecution. However, we note that there was no contemporaneous objection by defense counsel to the argument. Matters such as this must be presented first to the trial court in the form of an objection, to be followed by a mistrial motion if the objection is sustained. Turner v. State, 721 So.2d 642(¶ 8) (Miss.1998). This gives the trial court the opportunity to consider whether, viewing the improper argument in the context of what has preceded it, something short of granting a mistrial may serve to remove or at least lessen the impact so that the trial may continue. Id. In the absence of a timely objection, we , find this issue to be waived on appeal since we do not conclude that the argument was so inflammatory or prejudicial to these defendants’ right to a fair trial that we ought to note it as plain error.
¶ 5. However, we strongly admonish the State’s attorney as to the impropriety of this argument and condemn it for future use in a criminal prosecution. By injecting a measure of speculation as to how defense counsel, confronted with a similar situation, would have responded, the State, in effect, accused this attorney of hypocritical behavior in undertaking to advance a vigorous defense on behalf of her client. There is no justification for the State to undertake such an attack by innuendo on defense counsel’s performance of the honorable duty of zealously defending her client.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF NIKA-LAY RADCLIFF OF RAPE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF RANDY WILLIAMS OF RAPE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.