KING, P.J., for the Court:
¶ 1. The appellant, Gromyko Stampley, has filed a pro se appeal from the Washington County Circuit Court’s denial of his petition for post conviction relief. Stamp-ley has appealed to this Court and assigned the following issues for resolution:
1. Whether the trial court erred in allowing a juvenile to serve as a confidential informant.
2. Whether the trial court violated Stampley’s Fourteenth Amendment rights under the U.S. Constitution by its failure to require the State to reveal the identity of the confidential informant.
3. Whether Stampley’s counsel provided ineffective assistance.
*1220 ¶ 2. Finding each of Stampley’s assignments of error to be without merit, this Court affirms the trial court’s denial of post conviction relief.

Facts

¶ 3. On August 15, 1996, Gromyko Stampley entered a guilty plea on two counts of sale of marijuana, less than one ounce. Stampley was sentenced to serve consecutive six year terms on each count, in the custody of the Mississippi Department of Corrections.
¶ 4. On March 7, 1997, Stampley filed a petition for post conviction relief which was initially denied by the trial court. On June 19, 1998, the Mississippi Supreme Court ordered the trial court to conduct an evidentiary hearing so that the record might be supplemented. On September 3, 1998,
the Washington County Circuit Court conducted a hearing and made a record of Stampley’s allegations.[1]
I.DID THE TRIAL COURT ERR IN ALLOWING A JUVENILE TO SERVE AS A CONFIDENTIAL INFORMANT?
¶ 5. Stampley argues that the State’s use of a juvenile as a confidential informant made his conviction and sentence illegal. Stampley failed to support his argument with any legal authority. The failure to cite to legal authority acts as a procedural bar for purposes of appeal. Turner v. State, 721 So.2d 642, 649 (Miss.1998). Procedural bar notwithstanding, this Court finds that a review of the law of this state reveals no prohibition against the use of juveniles in criminal investigations.
¶ 6. We also note that, the record before this Court is devoid of any proof of (1) the confidential informant’s age or (2) role, if any, in Stampley’s decision to enter the guilty plea. This Court finds no merit in this assignment of error.
II. DID THE TRIAL COURT VIOLATE STAMPLEY’S FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION BY FAILING TO REQUIRE THE STATE THE DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT?
¶ 7. Next, Stampley argues that the State violated URCCC 4.04 and 9.04(B)(2) by failing to require the State to disclose the identity of the confidential informant as a part of discovery in this matter.
¶ 8. Rule 9.04(B)(2) requires the disclosure of an informant’s identity if he is an eyewitness to the event which constitutes the crime for which the defendant is charged with committing. Stampley entered a guilty plea, therefore; no trial was held and no witnesses were called.
¶ 9. Additionally, the so-called “confidential informant” was named in the indictment as the buyer of the marijuana sold by Stampley. This assignment of error is not well taken.
III. DID STAMPLEY’S COUNSEL PROVIDE INEFFECTIVE ASSISTANCE?
¶ 10. Finally, Stampley argues that his counsel provided ineffective assistance in connection with the discovery of the identity of the confidential informant discussed in Issue II. A defendant claiming ineffective assistance of counsel is obligated to provide affirmative proof of that ineffective assistance and its resulting prejudice. The record before this Court does not suggest, nor does appellant establish that trial counsel was ineffective and thereby prejudiced the outcome of this action. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). This Court finds no merit in this argument.
¶11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT *1221 COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.

. This Court was provided with a transcript of the hearing conducted on Stampley’s petition for post conviction relief. The transcript of the August 15, 1996 guilty plea was not made a part of the record.